UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY VICTOR,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. CV 15-7894 FMO (AJWx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　　On June 22, 2016, the court issued an order regarding service of process by United States Marshal, which required pro se plaintiff Charles Anthony Victor ("plaintiff") to file with the Clerk of Court a Notice of Submission ("Notice") indicating that all documents required by the United States Marshall to accomplish the service of process had been submitted to the court's deputy clerk. (See Dkt. 19, Court's Order of June 22, 2016, at 1).  The Notice was due no later than July 22, 2016.  (See id.).  Plaintiff was admonished that failure to file a Notice by the July 22, 2016, deadline could result in dismissal of this action.  (See id. at 2).

　　　　As of August 1, 2016, no Notice had been received by the Clerk of Court, (see, generally, Dkt.), nor had the court's deputy clerk received the required documents.  (See Dkt. 21, Court's Order of August 1, 2016).  The court granted plaintiff "one final opportunity to submit the Notice of Submission[,]" and cautioned that failure to file such Notice "by August 22, 2016, shall result in the action being dismissed for lack of prosecution and failure to comply with court orders.  See

Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)." (See id.). As of the date of this Order, no Notice has been filed. (See, generally, Dkt.).

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321 (1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829, 107 S.Ct. 112 (1986). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rule 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to provide the necessary documents required for service of process and comply with the Court's Order to Show Cause issued on August 1, 2016, is appropriate.

Accordingly, IT IS ORDERED that the above-captioned case is dismissed, without prejudice, for lack of prosecution and failure to comply with the orders of the court. See Fed. R. Civ. P. 41(b).

Dated this 31st day of August, 2016.

/s/
Fernando M. Olguin
United States District Judge